**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JIMMY EUGENE WHITE, | Case No. 09-14861 |
| Plaintiff, | DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| ERICH J. O'BRIEN, *et al*., | MAGISTRATE JUDGE |
| Defendants. | R. STEVEN WHALEN |
| _____/ | |

**ORDER**

**DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY
ALL PROCEEDINGS IN THE ERIE COUNTY COMMON PLEAS COURT [24],**

**DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S PETITION FOR EMERGENCY EXTRAORDINARY WRIT
OF HABEAS CORPUS [23],**

**DISMISSING THE CIVIL COMPLAINT [1] FOR LACK OF SUBJECT-MATTER
JURISDICTION AND, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM,**

**TERMINATING AS MOOT ALL OTHER PENDING MOTIONS: [3], [14], [27] AND [28],**

and

**CLOSING THE CASE**

Jimmy Eugene White ("Plaintiff") filed this action against four named Defendants: the Perkins Police Department ("Police Department") of Sandusky, Ohio; the Sandusky Municipal Court; Ms. Peggy A. Rice, Clerk of Courts for the Sandusky Municipal Court; and, Judge Erich O'Brien, also of the Sandusky Municipal Court.

Plaintiff's limited interactions with Defendants appear to have followed from his March 22, 2008, arrest, after which various charges were filed at the Sandusky Municipal Court. On March 31, 2008, Plaintiff visited the Sandusky Municipal Court to present an affidavit in response to the charges against him. After a consultation between Defendant Rice and

Defendant O'Brien, Plaintiff was not permitted to file his affidavit. *See* Def.'s Mot. Dismiss [14][1] at 1-2; *see also* Compl. at 32-33. Although there are no further factual allegations to be found in the rambling, 193-page Complaint [1], Plaintiff now argues that the facts presented are "irrelevant to the issues before this court," but offers no supplemental information. *See* Pl.'s Resp. [17] at 2.

As a threshold matter, the Complaint does not clearly state a cognizable claim over which this Court might exercise subject matter jurisdiction. "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." FED. R. CIV. P. 12(h)(3).

Here, when ordered [12] to demonstrate a basis for jurisdiction, Plaintiff repeated his earlier assertion [8] that the Court should adjudicate "certain admiralty and maritime claims." *See* Pl.'s Resp. [13] at 1. No claims in admiralty can be inferred from the Complaint.

In the alternative, and assuming without holding that Plaintiff's superficial reference to unspecified constitutional violations[2] is sufficient to invoke federal subject matter jurisdiction, the Court must next review the Complaint against the pendency of Defendants' Motions to Dismiss [14] and [28]. When a plaintiff is proceeding without the assistance of counsel, the Court is required to liberally construe the complaint and must hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim

---

[1] In the Defendant Police Department's pending Motion to Dismiss [14], Defendant argues that: Plaintiff fails to state a claim insofar as administrative units of local government, such as the Police Department, cannot be sued absent explicit statutory authority; there exist no factual allegations of misconduct by the Police Department, and; this Court cannot exercise any form of personal jurisdiction over the out-of-state Police Department. *See* Def.'s Mot. [14] at 2-7. Similarly, the remaining Defendants argue that this Court lacks general and/or personal jurisdiction over them, and further assert that service of process has not been effected sufficiently to commence this action against them. *See* Defs.' Mot. Dismiss [28].

[2] In Response [8] to this Court's first Order to Show Cause [2], Plaintiff stated that he has "presented prima facie evidence before this Court of numerous Fundamental rights and Constitutional violations, to which libellees have failed to respond." Pl.'s Resp. at 6.

2

showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Furthermore, Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, or a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.* at 1950 (internal citations omitted).

Here, even according the Complaint the liberal construction that is due a *pro se* filing, the Court finds that Plaintiff has failed to state well-pleaded facts as to any of the named defendants that would permit a conclusion that he is entitled to relief. *See id.*; FED. R. CIV. P. 8(a)(2).

Therefore, for the foregoing reasons, the Court concludes that the civil Complaint [1] must be **DISMISSED**. *See* FED. R. CIV. P. 12(h)(3); FED. R. CIV. P. 8(a)(2).

Also docketed in this case is Plaintiff's Petition for Emergency Extraordinary Writ of Habeas Corpus [23], filed May 10, 2010. Therein, and elsewhere in the docketed pleadings, Plaintiff requests that this Court enjoin the criminal proceedings now pending against him in the Sandusky Municipal Court. *See* Plaintiff's Pet. at 2 ("This matter is now under the jurisdiction of [this Court] and all proceeding in Erie Ohio should be suspended and stayed until Judge Tarnow rule on motions or this case before him."); *see also* Pl.'s Emerg. Mot. to Stay All Proceedings in the Erie County Common Pleas Court [24]. The Court notes at the outset that Ohio state courts are not encompassed within the Eastern District of Michigan, the judicial district over which this Court might otherwise be empowered to exercise jurisdiction.

Furthermore, the Supreme Court of the United States has clearly counseled the federal courts to abstain from enjoining pending state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). "Federal courts properly invoke *Younger* abstention when a proceeding satisfies three criteria: '(1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding.'" *Danner v. Bd. of Prof'l Responsibility of Tenn. Sup. Ct.*, 327 Fed. Appx. 577, 578 (6th Cir. 2009). Here, it appears that state judicial proceedings are ongoing, and that Plaintiff is currently being held in the Erie County, Ohio, jail while awaiting trial. *See* Def.'s Resp. [29] at 2. There can be no doubt that criminal prosecutions implicate important state interests, nor that Ohio's state courts will provide Plaintiff a fully adequate forum in which to raise a constitutional challenge in the course of his proceedings. *See Danner*, 327 Fed. Appx. at 578. Finally, Plaintiff has "failed to invoke any of the exceptions to *Younger* abstention – 'bad faith, harassment, or flagrant unconstitutionality.'" *Id*. at 579 (quoting *Squire v. Cochlan*, 469 F.3d 551, 556 (6th Cir. 2006)). Therefore, under the *Younger* abstention doctrine, this Court must not interfere with Plaintiff's pending state court criminal proceedings, and Plaintiff's request for it to do so is therefore **DENIED**.

Finally, the Court notes that, as a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state-court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3). Here, because Plaintiff's prosecution proceedings remain pending and his state-

court remedies are not yet exhausted, any petition for federal habeas relief is not yet ripe for adjudication. Furthermore, at such time as a request for habeas relief might ultimately be appropriate in this action, the habeas petition must be directed to "the person having custody of the person detained," and must be filed either in a federal court of the judicial district in which the individual is held in custody, or in a judicial district that encompasses the state court in which the individual was convicted. *See* 28 U.S.C. §§ 2241(d), 2242, 2243. Here, Plaintiff is not in the custody of any of the named defendants, and the Ohio court about which Plaintiff complains does not lie within this Court's judicial district.

For the foregoing reasons, Plaintiff's Petition for Emergency Extraordinary Writ of Habeas Corpus [23] will be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated above, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Stay All Proceedings in the Erie County Common Pleas Court [24] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Emergency Extraordinary Writ of Habeas Corpus [23] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the remaining pending motions are **TERMINATED AS MOOT**, namely: Plaintiff's Motion to Correct Error [3]; Defendant Perkins Police Department's Motion to Dismiss [14]; Plaintiff's Motion for Summary Judgment [27]; and, the remaining Defendants' Motion to Dismiss [28].

**IT IS FURTHER ORDERED** that the case is hereby **CLOSED**.

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: August 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Jimmie Eugene White, 6032 Chamberlain Street, Romulus, MI 48174 on August 26, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager